# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniale Holmes, | Case No. 19-cv-2291 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| US Department of Education Default Resolution Group, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Daniale Holmes' Amended Application to Proceed in forma pauperis. [Docket No. 4].

In an Order dated October 15, 2019, this Court directed Plaintiff Daniale Holmes to submit additional financial information and an amended complaint. (See, Order [Docket No. 3]). Holmes was given until November 14, 2019, to file the required documents. (Id.). The Court forewarned Plaintiff that if she failed to comply with either of this Court's directives, it would be recommended that this action be dismissed without prejudice for failure to prosecute. (See, Id. at 3–4) (citing Fed. R. Civ. P. 41(b)).

That deadline has now passed, and although Holmes filed an Amended IFP Application, she has not filed an amended complaint. (See, Amended IFP Application [Docket No. 4]). Upon review of that Amended IFP Application, it appears that Holmes would qualify financially to proceed in forma pauperis without paying any fees, however, as previously explained to Holmes this is not the end of the inquiry.

The Court previously found that Plaintiff's Complaint failed to state a claim upon which relief may be granted and failed to establish that this Court had subject matter jurisdiction over the claim presented in Plaintiff's Complaint. (See, Order, [Docket No. 3], at 2–3).[1] Rather than outright dismissing Plaintiff's Complaint, the Court permitted Plaintiff an opportunity to amend her Complaint to correct the deficiencies the Court outlined. (See, Order [Docket No. 3], at 2–3). The Court described the deficiencies in detail, and the Court forewarned Holmes that a failure to amend would result in dismissal of the present case. (Id. at 3). Holmes chose not to amend her Complaint.

Based on this record, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See, Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). In light of this recommendation of dismissal, the Court further recommends that Holmes' IFP Application, [Docket No. 2], and her Amended IFP Application, [Docket No. 4], be denied as moot.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[1] As the Court explained in its previous Order, Plaintiff's Complaint, as a pleading, is nearly incomprehensible, and it fails to satisfy multiple aspects of the applicable pleading standards. (Id.). First, even liberally construing Plaintiff's Complaint in her favor, it appears the Court lacks subject matter jurisdiction over the claim in the Complaint because the Complaint appears to raise only a common law fraud claim; because Plaintiff's Complaint failed to plead the citizenship of some of the possible Defendants; and because the Complaint failed to plead the amount in controversy. (Id.). Further, her Complaint fails to make a clear and specific demand for relief. (Id.). Similarly, Plaintiff's Complaint simply fails to indicate how several of the named Defendants are related to the present Complaint or how those Defendants took part in the action with which Plaintiff takes issue. (Id.). Moreover, the Complaint does not indicate who Plaintiff intends to name as Defendant. The Complaint has the names of several entities and individual handwritten across the first page and in the margins with some commentary; however, it is unclear which, if any, of this entities or individuals Plaintiff intends to name as Defendant, and none of the entities or individuals is listed on the second page of the form Complaint where litigants are directed to "[l]ist all defendants."

1. This action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute;

2. Holmes' original application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**; and

3. Holmes' Amended application to proceed in forma pauperis, [Docket No. 4], be **DENIED as moot**.


Dated: January 2, 2020                              s/Leo I. Brisbois_
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).